UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DAVID BARBER             :
                         :
v.                       :      C.A. No. 19-00369-WES
                         :
MATTHEW KETTLE, et al.   :

**REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF Doc. No. 2) pursuant to 28 U.S.C. § 1915. On July 9, 2019, Plaintiff David Barber, a state inmate, filed a hand-written pro se Complaint alleging violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.[1] Plaintiff sues two correctional officers (Capt. Walter Duffy and Lt. Charles Burt), Assistant Corrections Director Matthew Kettle, Deputy Warden Corey Cloud and two Corrections Investigators (Steven Cabral and Allen Reposo). (ECF Doc. No. 1 at p. 2). Plaintiff's Complaint is accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (ECF Doc. No. 2) is GRANTED.

---

[1] Although Plaintiff references the Fourth Amendment in his pro se Complaint, he describes the claim as a due process violation. Thus, the Court reasonably infers that Plaintiff mistakenly referenced the Fourth instead of the Fourteenth Amendment.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE and with leave to file an Amended Complaint within thirty days.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required, but with leave to file an Amended Complaint.

**A.     Rules 8 and 10, Fed. R. Civ. P.**

Pursuant to Rule 8(a), a plaintiff must state his or her claims by way of a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 10(b) requires that a party must state claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." The purpose of these Rules is to place the Court and the defendants clearly on notice as to what the plaintiff is claiming and who he is bringing those claims against. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2nd Cir. 1988) (pleading must allege facts sufficient to allow defendants to prepare a defense against such claims).

In applying a Rule 12(b)(6) standard, the Court must accept as true all plausible factual allegations in the Complaint and draw all reasonable inferences in Plaintiff's favor. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). In so doing, the Court is guided by the now-familiar standard requiring the inclusion of facts sufficient to state a plausible claim for relief:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the

> plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). Put differently, for a complaint to survive a motion to dismiss, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Applying this standard, Plaintiff's Complaint does not contain enough facts to state any plausible constitutional violations. First, Plaintiff alleges that Investigators Cabral and Reposo interviewed his fiancé on January 7, 2019 and revealed "private, confidential information" to her about him. (ECF Doc. No. 1 at p. 3). Plaintiff alleges that the disclosure of this information ended the relationship and caused him mental anguish. Plaintiff's Complaint is notable more for what it does not say than for what it does say. Plaintiff describes the "private, confidential information" in a conclusory fashion and provides not even a general description of its nature or the basis for his claim that it was "confidential." He alleges that the information was disclosed to his fiancé in "an attempt to infuriate her and persuade her into cooperating." Id. Plaintiff offers insufficient factual allegations to support this inference or any contextual allegations as to the Investigators' motive or need to secure the fiancé's "cooperation."

Plaintiff jumps from this allegation to a claimed conspiracy that resulted in an uncorroborated disciplinary booking. Again, the conspiracy and uncorroborated discipline claims are conclusory and not sufficiently supported by factual allegations. Plaintiff offers no facts to plausibly support the inference of a conspiracy between Capt. Duffy, Lt. Burt and Investigators

Cabral and Reposo. As to the discipline, Plaintiff provides no facts as to the nature of the discipline or any specific procedural violations that might support a plausible due-process claim.

Plaintiff also sues Assistant Director Kettle and Deputy Warden Cloud for ignoring his inquiries and failing to rectify or respond to the situation. His allegations are without factual support and appear to be an unsupported attempt to impose supervisory liability. However, in a § 1983 action, only direct, rather than vicarious, liability is available. See Aponte Matos v. Toledo Davila, 135 F.3d 182, 192 (1st Cir. 1998). At a minimum, to support a claim of supervisory liability, a plaintiff must plead facts indicating an "'affirmative link' between the behavior of the subordinate and the action or inaction of his supervisor…such that 'the supervisor's conduct led inexorably to the constitutional violation.'" Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir. 2009) (citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("purpose rather than knowledge" is required to impose supervisory liability in a § 1983 action).

The conclusory allegations described above fall far short of alleging the affirmative link necessary to state a plausible claim of supervisory liability under § 1983. Plaintiff fails to adequately plead a factual basis for the required "affirmative link" needed to support a claim of supervisory liability.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), I further recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE and with leave to file an Amended Complaint within thirty days of the District Court's Order of Dismissal which remedies the numerous pleading deficiencies noted herein. In addition, should Plaintiff choose to file an

Amended Complaint, he is advised, first and foremost, to comply with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). He should also ensure that his Complaint:

1. includes the names of all Defendants in the caption;

2. sets forth his allegations in separately-numbered paragraphs;

3. complies with Rule 8(a) of the Federal Rules of Civil Procedure and provides adequate factual notice to the individual Defendants of the nature and basis of his claims against each of them;

4. states where and when the acts or omissions about which he complains occurred and who allegedly committed those acts or omissions; and

5. states plainly the basis for his individual claim(s) against each Defendant, the right violated and the relief which he is seeking against each.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 31, 2019